IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                        Case No. 05-3179-SAC
                                                 98-40076-01-SAC

RAY LEE D'ARMOND, JR.,

                Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Defendant asserts that the court improperly enhanced his sentence based on judge-found facts in violation of the Supreme Court's dictates in *United States v. Booker*, --- U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 establishes a one-year limitations period for federal prisoners filing § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). Where, as here, a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the

appeal. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The defendant filed his § 2255 motion approximately five years after his sentence became final, and does not advance any allegations that would warrant the application of equitable tolling in this case. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).

Defendant argues, however, that his petition is timely because it has been filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court," and that the "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 [¶ 6](3). The right claimed arises out of *Booker*, which applied *Blakely* to invalidate the federal sentencing guidelines insofar as they were mandatory.

The Tenth Circuit has recently held that "*Booker* does not apply retroactively on collateral review." *Bellamy v. United States*, 04-5145, 2005 WL 1406176, --- F.3d ---- (10th Cir. June 16, 2005). Therefore, defendant cannot rely upon *Booker* in this initial habeas petition brought pursuant to 28 U.S.C. § 2255. As explained by the Tenth Circuit in *United States v. Garcia Hernandez*, 2005 WL 1714321, *1 (10th Cir. July 25, 2005):

> ... neither *Blakely* nor *Booker* apply retroactively to [defendant's] case. A new rule of criminal procedure "will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989).  We have held that "a new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases." *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005).  In *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004), we determined *Blakely* did not apply retroactively.  Additionally, in *United States v. Bellamy*, 2005 WL 1406176, at *2 (10th Cir. June 16, 2005), we held *Booker* announced a new rule of constitutional law that does not apply retroactively to cases on collateral review.

Defendant disagrees with the rationale expressed and conclusions reached by the Tenth Circuit, but this court is bound by them.

Defendant's case became final in 2000, before *Booker* was decided. Because *Booker's* new rule of constitutional law does not apply retroactively to cases on collateral review, Mr. D'Armond is not entitled to resentencing.

IT IS THEREFORE ORDERED that defendant's motion pursuant to § 2255 is denied.

Dated this 16th day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge