IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                        Case No. 05-3179-SAC
                                                     98-40076-01-SAC

RAY LEE D'ARMOND, JR.,

Defendant

MEMORANDUM AND ORDER

This case comes before the court on the defendant's application
for issuance of a certificate of appealability.  Dk. 184.  An appeal from a
final order in a proceeding under 28 U.S.C. § 2255 may not be taken
unless a judge or circuit justice issues a certificate of appealability.  28
U.S.C. § 2253(c)(1).  The certificate issues "only if the applicant has made
a substantial showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  Defendant may make this showing by demonstrating that the
issues he raises are debatable among jurists, that a court could resolve the

issues differently, or that the questions presented deserve further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks, alteration, and citation omitted).  When the court denies a § 2255 motion on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 478 (2000) (construing 28 U.S.C. § 2253(c)).

In denying defendant's  § 2255 motion, the court found his petition to be untimely.  Dk. 181.  The court reasoned that defendant's case became final in 2000, before *Booker* was decided, and that *Booker's* new rule of constitutional law does not apply retroactively to § 2255 motions.

*See United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005).  Defendant

now contends that the Tenth Circuit's holding in *Bellamy* is debatable

among jurists, and that the "Tenth Circuit has not ruled on or against the

Supreme Court's holding in *Booker* as being a Substantive holding and not

a New Rule of Law holding."  Dk. 184, p. 1.  The court disagrees.

In *Bellamy*, the Tenth Circuit stated:  "we have previously

determined that *Blakely* provides a new rule of criminal procedure and is

not subject to retroactive application on collateral review.  *See United*

*States v. Price*, 400 F.3d 844 (10th Cir. 2005)." *Bellamy*, 411 F.3d at

1186.  It then joined "every court to examine the issue" in concluding that

*Booker* represents a "procedural rule."   *Bellamy*, 411 F.3d at 1187.

The court finds that jurists of reason would not find it

debatable whether defendant's § 2255 petition states a valid claim of the

denial of a constitutional right, and further finds that jurists of reason

would not find it debatable whether this court was correct in its procedural

ruling on defendant's untimely § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion for a

3

certificate of appealability (Dk. 184) is denied.

Dated this 25th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge